IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11438
Summary Calendar

_____


JOHN H. CLOUD,

                                        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-2224

_____

September 29, 1997

Before KING, HIGGINBOTHAM, AND DAVIS, Circuit Judges.

PER CURIAM:[*]

     John H. Cloud, Texas prisoner # 749521, filed this appeal of
the district court's judgment dismissing his Federal Tort Claims
Act action against the United States.

     Cloud argues that the district court changed the trial date
without notice and failed to provide adequate time for him to
prepare for trial.  The record does not support Cloud's claim
that the district court failed to provide adequate notice of the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

trial date or adequate time to prepare for trial.

Cloud also argues that the district court erred in not issuing a "bench warrant" ordering him transferred to a Dallas area prison at least ten days prior to the trial date to provide him time for trial preparation. Cloud has not cited any legal authority to show that he has such a right. Further, the record shows that Cloud was notified of the trial date in April 1996 and again in July 1996, giving him adequate time to prepare for the trial. The district did not abuse its discretion by failing to transfer him to a Dallas area prison ten business days before trial.

Finally, Cloud argues that a "manifest error of law" occurred as a result of his transfer to another prison facility within the Texas Department of Criminal Justice. Cloud contends that the district court should have allowed additional time for obtaining his appearance in the event that he is transferred to another prison. The record shows that Cloud was transferred to another Texas Department of Criminal Justice (TDCJ) facility. Cloud failed to advise the district court of his transfer to another prison facility. Nevertheless, the record shows that Cloud was notified of the trial date and that he was present for trial. Cloud has not shown that he was prejudiced as a result of any delay in notice of the trial date caused by his transfer to another prison. The district court did not abuse its discretion by issuing a writ and order of habeas corpus without first

determining whether Cloud had been transferred to another TDCJ prison facility and by not allowing additional time for his transfer for  trial.

Cloud's motions to supplement the record are DENIED. Cloud's "Motion for Leave to Clarify, Correct, and Draw the Court's Attention to Needed Issues" is DENIED.

AFFIRMED; MOTIONS DENIED.